By the Court.
 

 This case was tried in the court of common pleas of Cuyahoga county, an appeal having been taken to that court from an action of the Industrial Commission, wherein the commission denied the right of Warren to participate in the state insurance fund on the ground that the injuries for which he sought compensation were not sustained in the course of his employment. In the course of the general charge the court instructed the jury as follows:
 

 “Now the court says to you that the statute does provide for a partial disability, and a partial permanent disability, and a permanent disability also, but there is no evidence upon which you can fix a partial disability, or partial permanent disability. If there is any disability, however, in this case, caused by any injuries, then it is a permanent disability, a permanent total disability,
 
 *483
 
 and the compensation that the plaintiff would be entitled to recover, if you find it is a permanent total disability, would be 66-2/3 per cent, of his average weekly wage, and that those compensations, this weekly compensation of 66-2/3 per cent, of his average weekly wage, would continue through his entire life.”
 

 The jury returned a verdict in favor of Warren for $18.75, the maximum allowed per week, from the date of his injury “for and during his natural life.” Judgment was rendered, and that judgment was affirmed by the Court of Appeals.
 

 This case was tried and submitted to the jury upon the transcript of the record from the Industrial Commission. In such case the jury sits as an appellate board of awards and, determines the questions at issue, as does the Industrial Commission in the first instance.
 
 Roma
 
 v.
 
 Industrial Commission,
 
 97 Ohio St., 247, 119 N. E., 461. It was the province of the jury under proper instruction to determine whether the injury complained of was sustained in the course of employment, and also the extent of the injury, whether temporary or permanent, partial or total. The instruction quoted above was erroneous and requires a reversal.
 

 Judgment reversed.
 

 Marshall, C. J., Jones, Matthias, Day, Kinkade and Robinson, JJ., concur.